**MISSOURI DEPARTMENT STORES, INC.,**
**a Corporation, Appellant,**

v.

**PERSONAL FINANCE COMPANY of Missouri, a Corporation, Respondent.**

**No. 23552.**

Kansas City Court of Appeals.

Missouri.

Dec. 3, 1962.

Frank J. Rogers, Phineas Rosenberg, Kansas City, for appellant.

Frank L. Cohn, Jack N. Bohm, Kansas City, for respondent.

MAUGHMER, Commissioner.

Plaintiff, Missouri Department Stores, Inc., operates a retail merchandise business and sells on credit. Defendant, Personal Finance Company, as a part of its operation, buys promissory notes, chattel mortgages and accounts, described in the trade as "paper" from retail credit dealers such as plaintiff.

The parties agree that during the year 1951, defendant purchased in bulk from plaintiff, notes or "paper" in the total amount of $416,177.80. The conditions and contractual obligations of the parties under this purchase were set forth in a written contract, executed by both plaintiff and defendant and styled "Master Dealer Agreement". Clause 5 of this agreement established a "Reserve Fund" in an amount equal to five percent of the "unpaid balances of the notes purchased * * * to be used

to pay any defaults and losses which may occur upon any and all notes purchased by you from us". This clause further provided it should be in the discretion and judgment of defendant as to "which notes shall be considered losses or in default and when such notes shall be charged against said Reserve Fund". It was further provided that when any such note was so charged and thereby became fully paid it would be reassigned upon written request.

This lawsuit grows out of a controversy as to the disposition of a part of this Reserve Fund. The parties agreed and admit that the amount of this Reserve on defendant's 1951 purchases was $20,808.99. They further agreed that between May, 1951, and April, 1952, $16,808.58 was properly charged against said fund and the notes returned to plaintiff. This would leave a balance in the Reserve Fund of $4,000.31, for which amount, with interest at 6 percent from September 10, 1954, the date upon which suit was filed, plaintiff asked for judgment under Count One of its petition. Counts 2 and 3 were for alleged negligent mishandling of the accounts, and defendant filed a counterclaim. The judgment was for defendant on Counts 2 and 3, and against defendant under its counterclaim. No appeals as to Counts 2, 3, or the counterclaim were taken. Therefore, we are now concerned solely with Count One.

The parties agree that any part of the Reserve Fund unused for payment of "defaults and losses" should be returned to plaintiff. At the trial defendant offered evidence as to additional losses approximating $3,000, which it claims was chargeable against the $4,000.31 balance in the Reserve Fund, leaving a balance of $1,000 admittedly due plaintiff and which defendant claims it has many times since 1954, when suit was filed, offered to pay plaintiff.

Plaintiff says defendant, by retaining said notes from the date of purchase in 1951, until date of trial on June 6, 1961, and failing to return same to plaintiff, lost its contractual remedy of charging these de-

faulted accounts against the Reserve Fund because such delay was "unreasonable", and the accounts have become barred by limitations. It asserts the court erred in refusing to enter judgment for plaintiff in the sum of $4,000.

Defendant offered evidence that it had continued its efforts to collect said accounts with some slight success, but that same are now worthless because the debtors have died, "skipped", become bankrupts or disappeared. Defendant says that after suit was filed by plaintiff in 1954, it was unable to return this "paper" and get credit therefor because plaintiff refused to so accept the items. There was no evidence that plaintiff made any written demand for reassignment of the notes as contemplated by the terms of the Master Agreement. It is also apparent that the notes were not barred under the Statute of Limitations in 1954, when suit was filed.

The trial judge gave defendant credit for the disputed $3,000 and on August 15, 1961, (a jury having been waived) entered judgment for plaintiff and against defendant under Count One for the sum of $1,000, with interest at the rate of 6 percent from September 10, 1954 (when suit was filed) amounting to $415, or in the aggregate, $1415, and for costs.

Under the Master Dealer Agreement in the "entire discretion and judgment" of defendant it had the right to use the Reserve Fund "to pay any defaults and losses". The evidence is undisputed that the $3,000 losses occurred and now exist. The trial court so found. The agreement provided for reassignment (when the notes were fully paid out of Reserve) if plaintiff so requested in writing. Defendant says it offered to return. Plaintiff concedes it refused and now refuses to accept reassignment. This case with the contract here involved is not a "sale and return" contract or conditional sale which plaintiff discusses in its brief, and we think it is unnecessary to discuss the cases cited by plaintiff on conditional sales.

We shall not discuss the facts further. There is clearly substantial, credible evidence to support the finding and judgment reached by the trial court. We believe its application of those facts to the plain, clear and unambiguous contract here involved, is correct.

We find no reversible error and the judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.